### POYDRAS DELALANDE vs. HIRIART.

APPEAL from the fourth judicial district.

MATTHEWS, J. delivered the opinion of the court. A rehearing has been granted in this case, in consequence of a supposed error or mistake of the court in its former judgment, in considering the matters in dispute between the parties, as under the government of the laws which were in force previous to the promulgation of the Lou: Code.

The action is hypothecary and directed against a third possessor since the new code went into operation; but seems to have been conducted in reference to the provisions of our

DELALANDE
*vs.*
HIRIART.

former laws, which required that a judgment should be obtained against the principal debtor before proceedings could regularly take place, to cause mortgaged property to be sold or delivered up by a third possessor, or compel him to pay the amount for which it might be hypothecated. Under the government of those laws, a judgment was obtained against the original debtor, and was made in part the basis of the present suit, altho' commenced since the promulgation of the Lou: code. These circumstances leave it, perhaps, doubtful as to the law which must govern the case. The art. 3364, of the new code, seems to dispense with the necessity of obtaining judgment against the debtor; and allows a mortgagee creditor to pursue the third possessor directly, thirty days after demand of payment. The articles 69 & 70 of the code of practice are in conformity with that of the civil code just cited. This alteration in the law appears to be intended for the benefit of hypothecary creditors, and this benefit or advantage they may legally forego, and resort to the former mode of pursuing property in the hands of a possessor. In the present case the creditor was obliged to commence in pursuance of the rule established by the code on the

subject of hypothecary actions; as he instituted the suit against this debtor before the alteration introduced by the new code & code of practice. And we are inclined to think, that the regulations under which the proceedings originated ought to be followed throughout.

But should all the advantages accorded by the last law on the subject, be allowed to the plaintiff and appellant, we do not believe that he can profit by them. This law in dispensing with the evidence of a judgment against an hypothecary debtor, in order that the creditor may pursue directly a third possessor, cannot on any reasonable interpretation be supposed to authorise such pursuit, and recovery thereon, without producing a copy of his act of mortgage made in due form.

*Cuvillier* for the plaintiff, *Eustis* for the defendant.